# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

JONATHAN L. WORRAL AND
BARBARA RICE, LAURA PLUMLEY,
AND ROBERT D. STANTON,
INDIVIDUALLY AND ON BEHALF
OF THEIR DECEASED FATHER,
ROBERT E. STANTON

VERSUS

STATE OF LOUISIANA,
HONORABLE JOHN BEL EDWARDS,
IN HIS OFFICIAL CAPACITY AS
GOVERNOR OF THE STATE OF
LOUISIANA, BEACON BEHAVIORAL
HEALTH-NEW ORLEANS, INC.,
BEACON BEHAVIORAL HOSPITAL-
NEW ORLEANS, LLC AND BEACON
HOSPITAL MANAGEMENT, LLC,
AND ST. TAMMANY PARISH
HOSPITAL SERVICE DISTRICT
NO. 2 D/B/A SLIDELL MEMORIAL
HOSPITAL

**SEPTEMBER 14, 2022**

---

In Re:    State of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 715004.

---

**BEFORE:  GUIDRY, McDONALD, WELCH, THERIOT, HOLDRIDGE, CHUTZ, LANIER, WOLFE, AND HESTER, JJ.**

**PER CURIAM.**

**WRIT GRANTED IN PART WITH ORDER AND DENIED IN PART.** The portion of the trial court's March 9, 2022 order which denied the Exception of Prematurity filed by defendant, the State of Louisiana ("the State"), is reversed. Cases submitted for adjudication must be ripe for decision and not brought prematurely. **Louisiana Federation of Teachers v. State**, 2011-2226 (La. 7/2/12), 94 So.3d 760, 763. The jurisprudence of this court is well settled that courts will not render advisory opinions. **Id.** A "justiciable controversy" connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character. **Abbott v. Parker**, 249 So.2d 908, 918 (La. 1971). Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. **Id.** The allegations of plaintiffs' Petition for Declaratory Judgment do not reflect they have filed a complaint with a Medical Review Panel, if proper under La. R.S. 40:1231.8, or a claim against a health care provider for causing the death of, or injury to, any person or damage to any property, to which La. R.S. 29:771(B)(2)(c)(i) has been applied. Accordingly, we find the constitutional challenge is

premature, and the State's Exception of Prematurity is granted. This matter is remanded to the trial court with instructions to issue an order granting plaintiffs, Jonathan L. Worral, Barbara Rice, Laura Plumley, and Robert Stanton, Individually and on Behalf of Their Deceased Father, Robert E. Stanton, the opportunity to amend their Petition for Declaratory Judgment, if they can, within a delay deemed reasonable by the trial court. See La. Code Civ. P. art. 933(B). The writ is denied in all other respects.

**Welch, J.,** concurs. The Petition for Declaratory Judgment makes no allegations as to the State or its interests, if any, in this matter. See La. Code Civ. P. art. 1880. Accordingly, I would grant the State's Exception of No Cause of Action, but allow plaintiffs, Jonathan L. Worral, Barbara Rice, Laura Plumley, and Robert Stanton, Individually and on Behalf of Their Deceased Father, Robert E. Stanton, the opportunity to amend their Petition for Declaratory Judgment, if they can, within a delay deemed reasonable by the trial court. See La. Code Civ. P. art. 934.

**Holdridge, J.,** concurs.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT